Our first case of the morning, agenda number one, is case 117387, people of the state of Illinois v. Edward Burns. Are you ready to proceed? You may proceed. Thank you. Good morning, Honors Council. Aiden River on behalf of Edward Burns from the Office of the State of Appellate Defender. Could you make sure you keep your voice up? Oh, okay. I plan on addressing issue one today, but I'll be happy to answer any questions. Edward Burns was convicted and sentenced under the same subsection that was held facially void in Aguilar, and he was sentenced to a class two felony because of his prior felony convictions. But the only reference in the statute to felony convictions is in the sentencing subsection. So it is not an element, and the state concedes this. But despite this concession, it makes the argument that there is somehow a parallel, different offense directed at felons. I contend the state does not cite pertinent authority or theory to support this argument. And in fact, it's illogical. How can you have the same, a different offense with the same elements under the same statute? The legislature knows how to make felon status an element, obviously in a UW by a felon statute, and also in a similar situation in this UW statute, an offense is committed if a person has a juvenile adjudication for an act that would be a felony if you were an adult. So that's a clear example of using that as an element. To accept the state's position, this court would have to disavow numerous of its cases, cases, like I cited in the brief, including Van Schoik, that recognize that a sentencing enhancement factor does not create a new offense, like the DUI statute, for example, same thing here. And also, the state's position would have you disavow Zimmerman, which was directed at this particular statute. An argument there was made about an element, a section, whether that was an element or a sentencing factor. And the court clearly recognized the difference between the different parts of the statute. The state also argues that this so-called Class II form can be severable, but severability analysis has to presuppose the existence of two offenses. And under plain interpretation, plain language of this statute, there is no Class II form of the offense, including felon status as an element. And also, a sentencing subsection obviously cannot stand alone. This court recognized recently in Mosley the interdependency of the sentencing and the elements, subsections of the Aggie W statute. And there, the sentencing provision was directed to people who not only violated the statute under A3A that's involved here, but also the Floyd Court provision. And the court said that because A3A had been held invalid in Aguilar, the sentencing requirements can't be met. The same thing here. The sentencing requirements for an enhanced Class II sentence do not apply to this case because the underlying offense was held void in Aguilar. Now, the state contends that Aguilar doesn't prevent prosecution of felons, but obviously a void offense cannot be enforced against anybody, including felons. It's as if the law had never been passed. And the state understood this. They filed a rehearing in Aguilar saying that the effect of Aguilar was to invalidate convictions for felons. And I submit that the modified Aguilar opinion did not change that result. It still held that that subsection was void. So Byrne's conviction under that void section has to be vacated. Unless your honors have any questions, I would like to reserve time for rebuttal. What's your response? Aguilar itself expressly limits its holding to the Class IV form, though, doesn't it? Yes, it does that. Does that have any impact on your argument? I don't think so. That was the issue before it. I think that it dealt with the Class IV form of the offense in terms of that was the Class IV sentencing range. It said it didn't imply any other holding as to any other part of the statute. It just held that this statute is void. And it just happened that the defendant there had a Class IV sentence. Thank you. Thank you. Good morning, Chief Justice, your honors. I am Veronica Calderon. I'm a Cook County Assistant State's Attorney representing the people of the State of Illinois in this case. There is no dispute that defendant is a convicted felon who was charged with and found guilty of a Class II felon-based gun crime. In fact, he does not even attempt to claim that he has Second Amendment rights. But he wants this court to reverse his conviction under the Second Amendment. And in doing so, the defendant minimizes the fact that Aguilar itself differentiated between the Class IV and the Class II offenses, including the Class II form of Section A3A. Your honors, severability supports this court's distinction in Aguilar between the Class IV and the Class II forms. Severability is appropriate because the Class IV and Class II forms of Section A3A can stand alone. The legislature expressly and intentionally separated felons and nonfelons and treated them differently. Pursuant to the plain language of Subsection D, the legislature never intended that a felon be convicted of the Class IV of Section A3A. That's plainly evident. Defendant claims that there's only one offense in Section A3A because the distinction between felons and nonfelons exists in the Subsection D, which is the sentencing provision. That's not the point. The point is that the legislature made the distinction that results in the different treatment of felons. The legislature didn't have to make a felony conviction an element in order to achieve that different treatment. Either way would have resulted in different treatment between felons and nonfelons. Your honors, where the distinction is made should not control. There would be elevating form over substance. The legislative intent should control. In here, there's a clear intent to treat felons differently. Defendant makes a big deal about the fact that the felony conviction is not an element and suggests that we don't have any support for our position. He's wrong. First, constitutional principles of law support our position. This court has consistently held that statutes must be upheld whenever possible, when it's possible to do so. Here it's possible to uphold the legislature's ban of the public hearing of loaded firearms by felons. In fact, the Second Amendment supports the people's position. The Second Amendment doesn't require that the felony status be an element. The Second Amendment allows for any type of regulation, just as long as that statute, law, or regulation doesn't burden protective conduct. Therefore, the principle of severability supports the people's position. Severability principles at the core are used to ensure that statutes as a whole don't fall just because there is one offending portion of that statute. And severability is appropriate here because it's reasonable to conclude that the legislature would have enacted the Class II form of Section 838 without the validated Class IV form. The legislature clearly intended to protect society from armed felons in public, and the Class II form of Section 838 achieves that goal. Also, the legislature had the authority to do so. The Second Amendment permitted it. The United States Supreme Court in McDonald v. Heller clarified that those holdings did not cast doubt on laws that prohibited felons from possessing firearms. The scope of the Second Amendment protection is historically understood not to extend to felons. Moreover, nothing in Moore v. Madigan suggests that the Class II form of Section 838 is invalid. In fact, the Court in Moore expressly stated that Heller did not call into question laws that prevent felons from possessing firearms. Also, the people's position is not undercut by Jordan, Gee, or Mosley, this Court's recent decisions. Both of those decisions are Class IV decisions. They deal with a Class IV version of FUW offenses. However, both Mosley and Jordan, Gee, support our severability position in the sense that this Court in those two cases recognized a legislative intent to treat different criminal conduct separately. The same is true here of a legislative intent to treat different offenders separately. Non-felons as Class IV offenders and felons as Class II offenders. Finally, if this Court accepts Defendant's overly broad interpretation of Aguilar, it would be the first time that a Court would strike a statute that directly prohibits felons from possessing firearms, even though felons don't have Second Amendment protection. It must be remembered that Heller, McDonald, and other plaintiffs in Moore and Shepard were law-abiding citizens with licenses to carry firearms. Clearly, the United States Supreme Court did not intend that the Second Amendment extend to felons. Nor did our earlier legislature. Therefore, Your Honors, the only way to reconcile Aguilar with Heller, McDonald, and Moore is to recognize that the legislature intended to create two forms of FUW offenses and that a Class II form, which only deals with felons, is severable and constitutionally affirmed because it doesn't even trigger the Second Amendment. Unless there are any questions, for these reasons and those in our briefs, I motion to sign additional authority. If people ask this Court to affirm the bill to the Court. Your Honors, the lack of Second Amendment rights for felons is a really red herring here. I think it's important to note that the first time Aguilar held that the offense of which Burns was convicted and sentenced was void. It doesn't exist. The way the legislature expresses its intent is to determine what acts or characteristics are elements of offenses. Yes, felons were treated differently only as to sentencing. But the more fundamental question is, does your client have a Second Amendment right? And if he doesn't, how does he have standing to bring this case? He has standing because he was convicted under a void statute. Does he have Second Amendment rights to assert? I wouldn't contest that, no. So you're saying he has no Second Amendment rights? The case law holds that felons don't have Second Amendment rights. There may be certain situations where, as applied, someone could assert the Second Amendment rights. I don't contest that. But he was convicted under a statute that was held void. There's no way around that. The state hasn't cited any case where there was a void offense that nevertheless was held enforceable against a particular class of defendants who, had they been properly convicted under that statute, would be subject to some enhanced sentence. Because it's inconceivable. Your Honors, Edward Burns has served six years on a void conviction.  Thank you. Thank you, Counsel. Case number 117387, People of the State of Illinois v. Edward Burns will be taken under advisement as agenda number one. And Ms. River and Ms. Calderon, you're thanked and excused today.